No. 514

First Circuit

———

THERIOT v. CUTRER

———

(December 3, 1929. Opinion and Decree.)
(March 5, 1930. Rehearing Refused.)

———

James D. Womack, of Baton Rouge, attorney for plaintiff, appellee.

Charles A. Holcombe, of Baton Rouge, attorney for defendant, appellant.

ELLIOTT, J. This action sounding in damages is based on an alleged forcible and wrongful entry into a dwelling house on the part of the defendant, Bennie B. Cutrer, and the destruction or removal and loss to the plaintiff, Charles Theriot, of movable property belonging to said Theriot, situated therein at the time. The lot on which the house was situated, and of which it was part, had been previously delivered by Cutrer to Theriot under a contract of · sale. Theriot possessed and occupied it under the contract at the time.

The defendant denies that he broke the lock on the, door and forcibly entered. He avers that plaintiff had abandoned the house, and that he arranged with a party to take possession and to keep and watch the house at a nominal rental, in order to protect the insurance thereon. He denies that any property belonging to the plaintiff was destroyed or removed therefrom, and denies the alleged value thereof.

There is no question about plaintiff's right to and possession of the property.

The question of defendant's bad faith is put forward by the testimony, but we do not see that it has any important bearing on the issue of the case. The forcible and wrongful entry by defendant is established. The back door through which he entered during plaintiff's absence had not only been locked by the plaintiff, but he had, in addition, nailed a piece of wood against the door in such a way, that, although it might be unlocked, it could not be opened except by forcing. The defendant unlocked the back door with a key, but he does not claim to have received the key for the purpose from the plaintiff. And the evidence shows that he then forced it open, and in that way entered the house and delivered it to another person, in consideration of a nominal rent. And while it was thus open and in possession of the party whom the defendant had placed in charge of it, the property, to the value of $314.50 left there by plaintiff was taken out or destroyed, and was lost to the plaintiff.

The defendant attempts to excuse his act on the ground that the house had not been paid for and that it was insured, with the policy payable to himself, in order to secure the purchase price; that plaintiff's absence therefrom had jeopardized the insurance on the house. The insurance policy was not produced nor offered in evidence, but the fact that it was issued and was payable to the defendant was established. Without the policy we cannot say that plaintiff's absence from the house had jeopardized same.

But, be that as it may, defendant had no right to break open and take forcible possession of the house, and rent it to another, as he did, without notice to the plaintiff, or some other authority for his act.

The defendant pleads and urges against plaintiff's action the prescription of one year.

Defendant was cited in this suit on the 14th day of January, 1925. His entry took place on January 16, 1924, and plaintiff's property was removed or destroyed the next day or a day or so thereafter.

The action is not prescribed.

Plaintiff's delay in bringing suit is urged against him. We have considered plaintiff's delay in filing suit, but the wrongful and forcible entry and the removal and destruction of plaintiff's property in the house is, to our minds, clearly established. As for plaintiff's delay to bring suit, it is sufficient to say that the action was not prescribed.

Defendant argues that plaintiff's showing on the subject does not establish that property worth $314.50 was destroyed or taken away.

Defendant did not go in the house to see what property was in it; he opened it and delivered it to another party.

The plaintiff says he had bills and receipts in the house at the time showing the price he paid for the articles destroyed; that his bills and receipts were all destroyed as a result of defendant's entry. He produced and filed in evidence a copy

of the list of the articles which he says he left in the house; the value of each item was set down. He says this list is correct, and that the values are true; that it was made by him previous to the time in question for the purpose of having the property insured. The list was therefore made at a time not suspicious. According to this list, plaintiff had property destroyed or taken away as the result of defendant's conduct, worth the total sum claimed.

The district judge rendered judgment in favor of the plaintiff for that amount. The evidence supports the judgment of the lower court.

Judgment affirmed; defendant and appellant to pay the cost in both courts.